**Grosa DOKIC, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–3004.

United States Court of Appeals, Sixth Circuit.

March 10, 2004.

Before SILER, MOORE, and SUTTON, Circuit Judges.

## ORDER

Grosa Dokic, a native and citizen of Montenegro, in the former Republic of Yugoslavia, petitions for review of a Board of Immigration Appeals (BIA) order that affirmed the decision of the Immigration Judge (IJ) to deny her application for asylum and withholding of removal. The parties are represented by counsel and have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Dokic entered the United States in 1996 as a visitor for pleasure. The Immigration and Naturalization Service began removal proceedings in 1997 because Dokic had overstayed her visa. Dokic conceded removability and applied for asylum, withholding of removal, or in the alternative, voluntary departure. An IJ held a hearing in November 1998. Dokic testified that she was an ethnic Albanian who had been arrested, beaten, interrogated, and threatened because she participated in student demonstrations in the 1980s. She also stated that she was injured by police when her husband was arrested in 1994, and that she and a friend were attacked by Serbian soldiers in 1996. The IJ denied Dokic asylum and withholding of removal but granted her request for voluntary departure. The BIA affirmed the IJ's decision and Dokic filed a timely petition for review.

In her petition for review, Dokic argues that: (1) the IJ improperly found no past persecution: (2) the IJ improperly denied her application for asylum; and (3) the BIA did not give proper consideration in its assessment that there have been significant changes in Montenegro and Kosovo.

█ Initially, we note that Dokic does not argue that she was entitled to withholding of removal. Accordingly, she has waived this claim for relief. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996).

We review a decision denying asylum to determine whether it is supported by substantial evidence, and may not grant a petition for review merely because we would have decided the case differently. *Mikhailevitch v. INS,* 146 F.3d 384, 388 (6th Cir.1998). A petition for review may be granted only if the evidence is so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

█ Upon review, we conclude that the petition for review must be denied because the IJ's and the BIA's findings are supported by substantial evidence. The IJ found that Dokic's arrests in 1983 and 1988 did not amount to persecution, when considered as responses to mass demonstrations. The IJ also concluded that the arrest of Dokic's husband and the rape of her friend did not support her claim for refugee status because these incidents were not based upon Dokic's political opinion. *See* 8 C.F.R. § 208.13(b)(2). Finally, in view of the changed circumstances in Montenegro, the IJ found that Dokic had not established a well-founded fear of future persecution. *See Mikhailevitch,* 146

F.3d at 389. The BIA added that there had been significant improvements in human rights since the end of Milosevic's regime and the creation of a multi-ethnic police force with Albanian support. Thus, although Dokic endured some hardships because of her political activities in the 1980s, she did not establish that she was entitled to refugee status.

The evidence would not compel a reasonable fact-finder to find the requisite fear of persecution. *See Elias–Zacarias,* 502 U.S. at 481, 484, 112 S.Ct. 812. For the foregoing reasons, we deny the petition for review.